IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STACY ALICIA BONDS                                              PLAINTIFF

v.                              CIVIL ACTION NO. 5:24-cv-33-DCB-ASH

SONYA WOODALL, ET AL.                                          DEFENDANTS

<u>ORDER ON MOTION IN LIMINE</u>

This matter is before the Court on Plaintiff Stacy Alicia Bonds's Motion in Limine to Exclude Testimony or Evidence that the Magnolia, Mississippi Municipal Judge Made a Judicial Finding of Probable Cause to Arrest Plaintiff Bonds for "Making of Terroristic Threats." [ECF No. 54]. Having read the Motion, the submissions of the parties, applicable statutory and case law, the record, and being otherwise fully informed of the premises, the Court denies Plaintiff's motion.

I.   Background

This case arises from Plaintiff's arrest for making of terroristic threats. On April 13, 2023, Ms. Bonds, a kindergarten teacher, was arrested for saying that she was going to kill all of her kindergarten students because the fob for her KIA automobile was inoperable. She made this statement while on the phone with a KIA representative who called the police to report Bonds's statement. Plaintiff claims that she was arrested and detained without probable cause.

II.  Discussion

Plaintiff seeks to exclude any evidence that the Magnolia, Mississippi municipal judge made any probable cause determination because she was "without jurisdiction under state law at the point of the initial appearance for an alleged felon to make a probable cause determination." [ECF No. 55] at 1. According to Plaintiff, it would have been impossible for the judge to have made a probable cause determination before Ms. Bonds's preliminary hearing, which was set for April 24, 2023. Id. at 2. The Court finds that Plaintiff has failed to present it with a valid reason to exclude evidence that the judge made a probable cause determination. Plaintiff claims that under Mississippi law, a judge need only make a probable cause determination at an initial appearance for a misdemeanor, explaining that Rule 5.2(a) of the Mississippi Rules of Criminal Procedure, which requires a probable cause hearing, applies only to misdemeanor initial appearances, while rule 5.2(b), which mentions no such hearing, applies only to initial appearances for felonies. Id. Because Plaintiff was charged with a felony, she claims that the judge could not have made a probable cause determination at her initial appearance. Id.

However, the language of this rule contradicts Plaintiff's conclusion. Rule 5.2(a) applies to "every person in custody and

2

not under indictment;" not just to misdemeanors. MRCrP 5.2(a) (emphasis added). Moreover, Rule 5.2(b) lists additional requirements for an initial appearance for a felony ("when a defendant is charged with commission of a felony, the judge shall _also_ . . ."). MRCrP 5.2(b) (emphasis added). The plain language of Rule 5.2 evidences that Rule 5.2(a) requires a probable cause determination at an initial appearance for both misdemeanors and felonies, while Rule 5.2(b) lists additional requirements only necessary at an initial appearance for a felony.

III. Conclusion

Because it is possible under Mississippi law that the judge made a probable cause determination at Plaintiff's initial appearance, the Court denies Ms. Bonds's motion.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine [ECF No. 54] is DENIED.

SO ORDERED this the 21st day of August, 2025.

       /s/ David Bramlette
      DAVID C. BRAMLETTE III
      UNITED STATES DISTRICT JUDGE